# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>        Plaintiff,<br><br>   v.<br><br>CATES, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-01274-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Raul Garza ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 12, 2019, together with a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff's certified prison trust account statement was filed on September 13, 2019. (ECF No. 6.)

      Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that prison staff are deducting excessive restitution percentages from his trust account, leaving a balance of only $10.00. (ECF No. 1.) As such, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Garza v. News Broad. Ctr., Case No. 1:17-cv-01389-DAD-SKO (E.D. Cal.) (dismissed on January 31, 2018 for failure to state a claim); (2) Garza v. Harmon, Case No. 1:18-cv-00140 (E.D. Cal.) (dismissed on March 8, 2018 for failure to exhaust clear from the face of the complaint); (3) Garza v. Nat'l Football League, Case No. 1:17-cv-01390-LJO-BAM (E.D. Cal.) (dismissed on July 13, 2018 for failure to state a claim); and (4) Garza v. CDCR Appeals, Case No. 2:17-cv-00516-TLN-AC (E.D. Cal.) (dismissed on September 3, 2019 for failure to state a claim). See El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **September 17, 2019**          /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE